**FIRST NAT. BANK OF ELLWOOD CITY, PA., v. SOUTHERN SURETY CO.**

No. 4412.

Circuit Court of Appeals, Third Circuit.

Jan. 3, 1931.

W. Walter Braham and Aiken & Braham, all of New Castle, Pa., for appellant.

J. Norman Martin and Martin & Martin, all of New Castle, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the view of the court below, this case was controlled by the Pennsylvania statute of frauds and perjuries (33 PS § 3), which is as follows:

"No action shall be brought whereby to charge any executor or administrator, upon any promise to answer damages out of his own estate, or whereby to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him authorized."

In so doing it fell into error. There was, in the words of that statute, neither in fact nor in pleaded allegation on the part of the defendant, a "special promise, to answer for the debt or default of another." What was alleged and offered to be proven was that the defendant, on sufficient consideration, verbally agreed that, if certain funds, to wit, profits in a certain highway construction contract, came into its hands and control, it would apply those profits to the payment of notes of the contractor held by the plaintiff. The suit was based on the fact that the contractor made profits, that such profits came into the defendant's hands and under its control, but the defendant failed to keep its agreement with the plaintiff to apply such profits to the notes of the contractor held by the plaintiff. It follows, therefore, that the court erred in overruling the plaintiff's offer that there was an oral contract between the plaintiff and defendant by which had been agreed that, if the plaintiff would forbear to press collection of certain overdue judgment notes they had of Burns & Burt, contractors, the defendant would assume control of moneys to become due the said contractors on a contemplated road construction contract; would deposit the money in the plaintiff bank; and would cause the plaintiff's claim to be paid from the profits of that contract. The proof of said oral contract was to be followed by evidence that profits were made, and was to be followed by further proof that the defendant did not comply with the terms of this agreement. In our opinion, the profferred testimony should have been received.

The judgment will therefore be reversed and the cause remanded for procedure in due course.